UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| _____ ) | |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | CR. NO. 1:23-cr-00039-LM |
| V. ) | |
| ) | |
| ALLAN POLLER_____ ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

  This memorandum is submitted on behalf of defendant Allan Poller to aid the Court's review of the Rule 11(c)(1)(C) Plea Agreement reached by the parties. For the reasons set forth below, the defense respectfully submits that a sentence of three years' probation is more than adequate to satisfy the sentencing factors set forth in 18 U.S.C. § 3553(a). The defense thus urges the Court to impose the Sentence set forth in the Plea Agreement.

  **I. INTRODUCTION**

  This case comes before the Court as a result of a Federal Rule of Criminal Procedure 11(c)(1)(C) agreement between the Government and Mr. Poller. The Parties entered into this agreement recognizing the particular facts and circumstances that exist in this case. Mr. Poller has completely changed his life since the incident that led to the instant charges. He has used the catastrophic effect of his actions as a catalyst to begin a new path in his life. He has strengthened his bond with his family and has completely accepted recovery into his life.

  Allan has been cooperative throughout the pendency of the instant matters and took responsibility for his actions immediately upon being contacted. He was cooperative with the initial investigation, instantly admitted his actions and continued to provide any information that was requested. This cooperation extended not only to local and federal law enforcement, but with

1

Keene State College, where Allan was a student in his final semester and finishing his undergraduate degree.

These factors, combined with Allan's personal background and the nature and circumstances of his offense, more than adequately support the Plea Agreement reached in this case.

## II. ALLAN POLLER'S PERSONAL HISTORY AND CHARACTERISTICS SUPPORT THE AGREED-UPON SENTENCE

<u>See</u> Exhibit A. Attached social history report of Allan Poller.

There is no doubt that Allan Poller has had struggles in his life. He has taken this event and used it as a catalyst for change. He has committed himself to becoming a better human being. He has been in recovery since his arrest, has committed himself to treatment and betterment, and has gone on a journey of self-exploration. Allan's relationships with his family have become stronger and his support network has become larger. He has not once shied away from responsibility for his actions in the instant case. While some may hang on excuses and blame others and their past, Allan has not once done so.

Allan has learned from this event. His actions have led to many difficult situations, notwithstanding the charges and Allan's current status before the Court. Allan was in his last semester of college finishing his undergraduate degree when he was arrested. Due to his conduct, Allan was placed on leave and not allowed to graduate. Additionally, Allan had already signed a job offer and was scheduled to start as a fire systems architect upon his graduation. That offer was rescinded almost immediately after his arrest. Last but not least, Allan has been subject to harassment and threatening behavior by others since his arrest. He has received messages

threatening his personal safety due to his charges and his behavior. It has made him uniquely compassionate to the effects that his own actions and behavior had on the victim and the way that that words alone can affect the safety and well-being of others.

    The Plea Agreement and agreed upon sentence in this case is more than adequate.

### III. THE NATURE AND CIRCUMSTANCES OF THE OFFENSE WARRANT THECOURT TO IMPOSE THE AGREED UPON SENTENCE

    In addition to "the history and characteristics of the defendant," the Court must also consider "the nature and circumstances of the offense." 18 U.S.C. § 3553(a)(1). Allan does not contest the recitation of the events in the Presentence Report.

    An environment of hate and misinformation has festered and created a difficult situation for those in classically targeted groups. Allan's addiction led him to make choices he regrets. His addiction and mindset to stand up for the disenfranchised led him down the wrong path. Allan would never harm anybody. He is the first to lend a hand to those in need. He is appalled and regretful over his actions.

### IV. THE SENTENCING RATIONALES SET FORTH IN 18 U.S.C. § 3553

    The sentencing rationales set forth in 18 U.S.C. § 3553(a)(2) also do not compel the need for a greater sentence in this case. In addition to the personal characteristics of the defendant and the nature and circumstances of the offense, Section 3553(a) directs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. §3553(a)(2). The agreed

upon Sentence in this case is more than adequate to satisfy all sentencing factors because the sentence and Allan's actions since arrest recognize the punitive, deterrent, and rehabilitative components of the agreed upon sentence.

### V. OFFENSE LEVEL COMPUTATION AND GUIDELINE ANALYSIS

Allan Poller believes the Total Offense Level for this offense is six. The dispute with the Presentence Investigation Report calculation relies solely with whether the six-point Victim Related enhancement applies in this case under U.S.S.G § 3A1.2.

Two requirements must be met for the Victim Related Adjustment to apply. There is no dispute over the first- that the victim was a government officer. The dispute is over the second prong, which requires that the offense conduct was "motivated by such status." U.S.S.G §3A1.2(a).

Mr. Poller's life, history, sexual persuasion and minority status made him susceptible and affected by statements of hate that felt personal to him. The charged offense occurred because Allan perceived messages and conduct on the part of the victim in this case as hateful toward himself and the peers that he associates with. While Allan completely understands the wrongful nature of his actions and has taken immeasurable steps in his life to move forward in a productive fashion since, his actions at the time were not motivated by the victim's office, but motivated by a response to a message, irrespective of where that message came from. The government cannot meet its burden for the six-point enhancement in this case.

Accordingly, the Total Offense Level in this case is six. Allan has no criminal history for a Criminal History Category of I. Therefore the guidelines fall within Zone A for an advisory sentence of 0-6 months.

Irrespective of the above, the Rule 11(c)(1)(C) Plea Agreement entered into by the Parties is

more than adequate to account for the history and characteristics of the defendant, and the nature and specific circumstances of the instant case. See <u>United States v. Booker</u>, 543 U.S. 220 (2005); <u>See also</u> <u>Kimbrough v. United States</u>, 552 U.S. 85 (2007).

VI.    **CONCLUSION**

Allan Poller is a redeemable human being. His actions since his arrest are indictive of a person that takes full responsibility for his actions and is accounting for his mistakes. His behavior while on pretrial supervision and the steps he has taken to improve himself as a human being allow the Court to sentence him with confidence pursuant to the terms of the Plea Agreement. The agreed-upon sentence in the Plea Agreement is "sufficient, but not greater than necessary," 18 U.S.C. § 3553(a), to adequately address the Court's sentencing concerns. Taken together, the history and characteristics of the defendant, the nature and circumstances of the offense, and the sentencing factors described in Section 3553 all support a sentence of 3 years of probation. The defense respectfully urges the Court to impose the sentence contained in the parties' Rule 11(c)(1)(C) Plea Agreement.

Dated: January 8, 2024            Respectfully submitted,

                                  /s/ Jesse Friedman
                                  Jesse Friedman, Esq. (Bar No. #14554)
                                  Friedman & Bresaw, PLLC
                                  PO Box 1186
                                  Meredith, NH 03253
                                  (603)707-4806
                                  jesse@fblawnh.com

                                  *Counsel for Defendant Allan Poller*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 8, 2024, I caused a true and correct copy of the foregoing notice to be served via the Court's ECF filing system to all counsel of record in this matter.

                                                        /s/ Jesse Friedman
                                                        Jesse Friedman, Esq.